AO 245B (CASD Rev. 02/18) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

FILED
DEC 1 9 2018
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES OF AMERICA
V.
KARL KENNETH ABBOTT (1)

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 3:16-CR-02178-MMA

Brian J. White
Defendant's Attorney

**REGISTRATION NO.** 58348298

☐ –

THE DEFENDANT:
☒ pleaded guilty to count(s)  One of the Information.
☐ was found guilty on count(s) after a plea of not guilty

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title and Section / Nature of Offense | Count |
|---|---|
| 18:2252(A)(2) - Receipt Of Images Of Minors Engaged In Sexually Explicit Conduct | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ dismissed on the motion of the United States.

☒ Assessment: $100.00 imposed

☒ JVTA Assessment*: $5000.00 imposed
*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒ No fine   ☒ Forfeiture pursuant to order filed  12/14/2018 , included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

December 17, 2018
Date of Imposition of Sentence

HON. MICHAEL M. ANELLO
UNITED STATES DISTRICT JUDGE

3:16-CR-02178-MMA

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of: Seventy-eight (78) months

- ☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).
- ☒ The court makes the following recommendations to the Bureau of Prisons:
    1. Residential Drug Abuse Program
    2. Incarceration at Terminal Island to facilitate family visitation, for current medical issues, and for sex offender treatment.

- ☐ The defendant is remanded to the custody of the United States Marshal.

- ☐ The defendant shall surrender to the United States Marshal for this district:
    - ☐ at _____ A.M. on _____
    - ☐ as notified by the United States Marshal.

- ☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    - ☐ on or before
    - ☐ as notified by the United States Marshal.
    - ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (CASD Rev. 02/18) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | KARL KENNETH ABBOTT (1) | Judgment - Page **3** of **6** |
| CASE NUMBER: | 3:16-CR-02178-MMA | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
Seven (7) years

      The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons unless removed from the United States.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994*:

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (*Check, if applicable.*)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
- ☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC section 3583(a)(7) and 3583(d).
- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (*Check if applicable.*)
- ☐ The defendant shall participate in an approved program for domestic violence. (*Check if applicable.*)

      If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

      The defendant shall comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1. Participate in a program of drug or alcohol abuse treatment, including drug testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

2. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

3. Resolve all pending criminal matters within 90 days

4. Submit your person, property, residence, abode, vehicle, papers, computer, social media accounts, any other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of probation/supervised release or unlawful conduct, and otherwise in the lawful discharge of the officer's duties. 18 U.S.C. §§ 3563 (b)(23); 3583 (d)(3). Failure to submit to a search may be grounds for revocation; you shall warn any other residents that the premises may be subject to searches pursuant to this condition.

5. Consent to third party disclosure to any employer, potential employer, concerning any restrictions that are imposed by the court.

6. Not use or possess devices which can communicate data via modem or dedicated connection and may not have access to the Internet without prior approval from the court or the probation officer. The offender shall consent to the installation of systems that will enable the probation officer to monitor computer use on any computer owned or controlled by the offender. The offender shall pay for the cost of installation of the computer software.

7. Not associate with, or have any contact with any known sex offenders unless in an approved treatment and/or counseling setting.

8. Not have any contact, direct or indirect, either telephonically, visually, verbally or through written material, or through any third-party communication, with the victim

or victim's family, without prior approval of the probation officer.

9. Not initiate any contact (personal, electronic or otherwise) or associate with anyone under the age of 18, unless in the presence of a supervising adult who is aware of the offender's deviant sexual behavior and nature of offense and conviction, with the exception of the offender's biological children, unless approved in advance by the probation officer.

10. Not accept or commence employment or volunteer activity without prior approval of the probation officer, and employment should be subject to continuous review and assessment by the probation officer.

11. Not loiter within 200 yards of a school, schoolyard, playground, park, amusement center/park, public swimming pool, arcade, daycare center, carnival, recreation venue, library and other places primarily frequented by persons under the age of 18, without prior approval of the probation officer.

12. Not possess or view any materials such as videos, magazines, photographs, computer images or other matter that depicts "sexually explicit conduct" involving children as defined by 18 USC § 2256(2) and/or "actual sexually explicit conduct" involving adults as defined by 18 USC § 2257(h)(1), and not patronize any place where such materials or entertainment are the primary material or entertainment available.

13. Complete a sex offender evaluation, which may include periodic psychological, physiological testing, and completion of a visual reaction time (VRT) assessment, at the direction of the court or probation officer. If deemed necessary by the treatment provider, the offender shall participate and successfully complete an approved state-certified sex offender treatment program, including compliance with treatment requirements of the program. The Court authorizes the release of the presentence report, and available psychological evaluations to the treatment provider, as approved by the probation officer. The offender will allow reciprocal release of information between the probation officer and the treatment provider. The offender may also be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay. Polygraph examinations may be used following completion of the formal treatment program as directed by the probation officer in order to monitor adherence to the goals and objectives of treatment and as a part of the containment model.

14. Reside in a residence approved in advance by the probation officer, and any changes in residence shall be pre-approved by the probation officer.

## RESTITUTION

The defendant shall pay restitution in the amount of   $15,000.00   unto the United States of America.

Pay restitution in the amount of $15,000.00 through the Clerk, U.S. District Court, Southern District of California. Defendant shall not pay any amount within 30 days of entry of this order. During any period of incarceration, Defendant shall pay restitution through the inmate Financial Responsibility Program at the rate of 50% of Defendant's income, or $25.00 per quarter, whichever is greater.

Upon release from custody, Defendant shall pay restitution at the rate of at least $150 per month, subject to modification upon further agreement of the parties or order of the Court. This payment schedule does not foreclose the United States from exercising all legal actions, remedies, and process available to collect the restitution judgment, including but not limited to remedies pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A).

If payment has not already been made in full, interest will accrue on the restitution amount in the manner prescribed by 18 U.S.C. § 3612.

Defendant shall forward all restitution payments, by bank or cashier's check or money order payable to the "Clerk, U.S. District Court," to:

Clerk of the Court
United States District Court
Southern District of California
333 West Broadway, Suite 420
San Diego, CA 92101

Until restitution has been paid, Defendant shall notify the Clerk of the Court and the United States Attorney's Office's Forfeiture and Financial Litigation Section of any change in Defendant's economic circumstances that might affect Defendant's ability to pay restitution no later than thirty days after the change occurs.

Until restitution has been paid, Defendant shall notify the Clerk of the Court and the United States Attorney's Office's Forfeiture and Financial Litigation Section of any change in mailing or residence address, no later than thirty days after the change occurs.

The USAO will provide the financial department of the Clerk's Office a victims list.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 16cr2178-MMA |
|---|---|
| Plaintiff, | **PRELIMINARY ORDER OF CRIMINAL FORFEITURE** |
| v. | |
| KARL KENNETH ABBOTT, | |
| Defendant. | |

WHEREAS, in the Plea Agreement and Forfeiture Addendum Defendant KARL KENNETH ABBOTT ("Defendant") agreed to forfeit to the United States pursuant to 18 U.S.C. § 2253 all property that constituted visual depictions as described in 18 U.S.C. § 2252, all property constituting gross profits and other proceeds of the offense, and all property used or intended to be used to commit or to promote the commission of the offense set forth in the Information, which charged a violation of 18 U.S.C. § 2252(a)(2); and

WHEREAS, on or about July 9, 2018, Defendant pled guilty to an Information charging Defendant with receipt of images of minors engaged in sexually explicit conduct in violation of 18 U.S.C. §2252 (a)(2), which plea included consent to the forfeiture of all property seized in connection with the case, including forfeiture of all items seized from Defendant KARL KENNETH ABBOTT on June 19, 2015, which

//

were found to contain child pornography, and forfeitable pursuant to 18 U.S.C. § 2253, including the following:

> (1) computer images and printed images determined by law enforcement to depict minors engaging in sexually explicit conduct and
>
> (2) the items, equipment, computers, disks, and media seized by law enforcement during the investigation of the offenses to which the defendant has pled guilty, including:
>
> 1. One HTC cellular phone, Model PJ5100, SN HT26NS403290;
>
> 2. One Microcity Tan Generic PC-Mid Tower, with no serial number, found on the floor in the office of the residence, containing the following four hard drives:
>
>    a. One Hitachi Deskstar 123 . 5 GB SATA, SN G4C4GLXG;
>    b. One Samsung HD103SI 1 TB SATA, SN S1VSJ90S524415;
>    c. One Seagate Barracuda 20 OGE SATA, SN 5 LJ18C52;
>    d. One Hitachi OF12117 2 TB SATA, SNF31KAPWD; and
>
> 3. One Generic Tower Black, with no serial number, found on a file cabinet in the office of the residence, containing the following four hard drives:
>
>    a. One Western Digital WD1200, 120 GB SATA, SN WMAEK2359950;
>    b. One Seagate Barracuda, 500 GB SATA, SN 9QG5COBC;
>    c. One Maxtor Diamondmax, 300 GB SATA, SN L6337 2YG;
>    d. One Maxtor Diamondmax, 300 GB SATA, SN L62EW6JG; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the United States has established the requisite nexus between the forfeited properties and the offense, and the Court hereby orders the forfeiture to the United States of the above-described properties pursuant to Title 18, United States Code, Section 2253; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the properties, pursuant to 18 U.S.C. § 2253 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the properties which are hereby found forfeitable by the Court; and

//

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED**:

1. Based upon the guilty plea of the Defendant, the United States is hereby authorized to take custody and control of the following assets, and all right, title and interest of Defendant KARL KENNETH ABBOTT in the following properties are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

   (1) computer images and printed images determined by law enforcement to depict minors engaging in sexually explicit conduct and

   (2) the items, equipment, computers, disks, and media seized by law enforcement during the investigation of the offenses to which the defendant has pled guilty, including:

   1. One HTC cellular phone, Model PJ5100, SN HT26NS403290;
   2. One Microcity Tan Generic PC-Mid Tower, with no serial number, found on the floor in the office of the residence, containing the following four hard drives:

      a. One Hitachi Deskstar 123 . 5 GB SATA, SN G4C4GLXG;
      b. One Samsung HD103SI 1 TB SATA, SN S1VSJ90S524415;
      c. One Seagate Barracuda 20 OGE SATA, SN 5 LJ18C52;
      d. One Hitachi OF12117 2 TB SATA, SNF31  APWD; and

   3. One Generic Tower Black, with no serial number, found on a file cabinet in the office of the residence, containing the following four hard drives:

      a. One Western Digital WD1200, 120 GB SATA, SN WMAEK2359950;
      b. One Seagate Barracuda, 500 GB SATA, SN 9QG5COBC;
      c. One Maxtor Diamondmax, 300 GB SATA, SN L6337 2YG;
      d. One Maxtor Diamondmax, 300 GB SATA, SN L62EW6JG.

2. The aforementioned forfeited assets are to be held by U.S. Homeland Security Investigations in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary

proceedings as the Court deems appropriate only upon the receipt of timely third party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States must also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

//

8. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

**IT IS SO ORDERED.**

DATE: December 14, 2018

*[signature]*
HON. MICHAEL M. ANELLO
United States District Judge